UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12CV-P169-R

**ANTOINE ROACH**  **PLAINTIFF**

v.

**STEVE HILAND** *et al.*  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Antoine Roach filed this *pro se* civil rights action under 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will allow Plaintiff's claims alleging denial of medical care to go forward against Defendants in their individual capacities for monetary damages and injunctive relief and in their official capacities for injunctive relief only. The Court will dismiss the remaining claims.

### I.

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He sues Steve Hiland, whom he identifies as a physician at KSP, and Chanin Hiland, whom he identifies as a APRN at KSP. He sues both Defendants in their individual and official capacities.

Plaintiff states that he has been denied medical treatment. He states that he has pain in his back, abdomen, and chin. He states that he was in a car accident that resulted in him having facial reconstruction and an injured spine. He states that he was also shot in the elbow in 2009 "which resulted in the bullet bouncing off of my bone relocating on the left side of my abdomen under my rib cage." Plaintiff states that he told a nurse about his pain. The nurse said that he

would tell Defendant Steve Hiland, but Steven Hiland "denied any use of pain medication without evaluating me."

Plaintiff states that on January 7, 2012, he notified Defendant Chanin Hiland of his back, abdomen, and chin pain and informed her of the injuries he received from the car accident and bullet wound. Plaintiff states that he told Defendant Chanin Hiland that the bullet "possibly resurfaced which . . . caused a hard lump under my left rib cage causing me pain." Plaintiff states that Defendant Chanin Hiland "stated that I couldn't come to the 'infirmary' until I got out of segregation. I explained to her that I had eight more months left until I was to return to General Population. She then stated 'well you'll just have to wait for eight months'" and walked away.

Plaintiff states that on January 19, 2012, he told a nurse about "possible bullet fragments feeling as if they were moving inside my abdomen." The only thing the nurse could do was to give him aspirin. The nurse notified Defendant Steve Hiland. Plaintiff states that Defendant Steve Hiland "continued to deny me treating ignoring the fact that I was in constant pain." Plaintiff further states that on February 25, 2012, Defendants were on rounds. Plaintiff hung out a sick call slip, but Defendants would not treat him. He states that he yelled to them that he needed to speak with the doctor for pain, but they did not treat him.

Plaintiff also states that on April 11, 2012, he was attacked by two guards. He states that the prison will not give him their names. He states, "I was handcuffed with my hands behind my back and my feet were shackled . . . I was grabbed by two guards and slammed into the wall hitting my head and back, along with my elbows!" Plaintiff states that the guards slammed him against the wall a second time hitting Plaintiff's head and "causing me to black out for a few

2

seconds." He states that he was then placed in his cell. He states, "From that moment, what I can recall, was something being shoved up my nose, coming in and out of consciousness. Feeling numb with a sharp tingling throughout the right side of my body. My clothes being took off. Being cuffed and shackled lying in my urine for three or four hours." He states that he was harassed by the guards and nurses and called names.

Plaintiff states that on April 18, 2012, and May 9, 2012, he stopped Defendant Steve Hiland and asked for treatment for his pain. He asked Defendant Steve Hiland to call U of L Hospital to confirm that he was in a motor vehicle accident, but Steve Hiland said that he could not help him because his chart did not show that he was in an accident. Plaintiff states that he showed Defendant Steve Hiland medical records which showed that he was in an accident but that Steve Hiland said the records were not in the computer and that he did not have to treat him.

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief in the form of transfer to another prison.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

**A.      Steven and Chanin Hiland**

Plaintiff sues Defendants in both their official and individual capacities.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Because Defendants Steven and Chanin Hiland are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See id.*  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, because Plaintiff seeks money damages from state employees in their official capacities, he fails to allege cognizable claims under § 1983.  Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims for monetary damages against Defendants Steve and Chanin Hiland will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

Upon review, the Court will allow Plaintiff's claims of denial of medical treatment to go forward against Defendants Steve and Chanin Hiland in their individual capacities for damages and injunctive relief and in their official capacities for injunctive relief only.  In so doing, the Court does not pass judgment on the ultimate merit of these claims.

**B.**     **Incident on April 11, 2012**

Plaintiff alleges that he was "attacked" by two guards on April 11, 2012. Moreover, in an attachment to complaint, Plaintiff states, "I am also suing two of the guards who misused their use of force causing me to hurt myself." He states that the prison would not give him their names and asks "What shall I do to obtain those names?"

Plaintiff does not name the guards or name any John Does as Defendants in the complaint. Since Plaintiff does not identify a Defendant against whom he alleges these claims, the claims concerning the incident fail to state claim and will be dismissed. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) (To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.). The Court will dismiss the claims without prejudice should Plaintiff wish to move to amend the complaint to add a Defendant(s) against whom he asserts these claims.

Moreover, the Court advises Plaintiff that it cannot give legal advice to the parties. He should not send letters to the Court. If he seeks the Court's action, he must do so in the form of a motion.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's § 1983 claims against Defendants in their official capacities for monetary damages are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims concerning the April 11, 2012, incident are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the development of the claims that have been permitted to proceed.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010