**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:12CV-P169-R**

**ANTOINE ROACH**                                                                                            **PLAINTIFF**

**v.**

**STEVE HILAND** *et al.*                                                                      **DEFENDANTS**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Antoine Roach's motion for immediate transfer (DN 6). By separate Memorandum Opinion and Order entered this date, the Court conducted an initial review of the complaint in accordance with 28 U.S.C. § 1915A and allowed claims to proceed against Defendants Steve and Chanin Hiland for alleged denial of medical treatment.

In Plaintiff's motion for immediate transfer, he states that he seeks an "immediate transfer for better medical care." He states that he fears "that the institution will retaliate against me worse than they already have before the filing of my lawsuit." He further states, "I have a year clear and that alon[e] makes me a target for constant harassment, such as searches, racial discrimination and irrelevant write-ups that can and will hold me back from being transferred and eligible for parole." Plaintiff states that he has asked the warden for a medical transfer "because of the lack of medical attention I'm receiving. The answer is 'No' everytime." He states that the medical staff is "careless to an inmate[']s health" and that "[i]nmates have died because of the medical staff not wanting to do their jobs correctly." He states that his request is "urgent" and asks the Court to remove him "from any further high risk situations and ongoing pain that I'm suffering from."

As Plaintiff requests an "immediate" transfer, the Court construes his motion as a motion for preliminary injunction. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "'In determining whether to issue a preliminary injunction, the district court is required to consider four factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.'" *Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("[W]hile, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiff's motion for a preliminary injunction fails, first, because he has not shown that he is likely to prevail on the merits. A prisoner has no right to be incarcerated in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir.

1998); *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986).  Moreover, in general, a federal district court cannot order the transfer of a prisoner because the housing location of prisoners is a matter within executive rather than judicial purview.  *See United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980).  Only in rare and extreme circumstances when there is evidence that an inmate's life or safety is in imminent danger would a federal court have the authority to order the transfer of a prisoner.  *See Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983) ("[T]he undisputed evidence demonstrates that [the inmate's] continued confinement in the Arkansas prison system will subject him to an unusually high risk of physical danger.").

      Plaintiff offered no evidence other than his own statements that he has been denied medical care or that he is entitled to be transferred because he needs medical attention or because he may be retaliated against.  *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (stating that proof for temporary relief "is much more stringent than the proof required to survive a summary judgment motion").  Plaintiff therefore fails to meet his burden of proof in demonstrating a strong likelihood of success on the merits.

      Secondly, to demonstrate irreparable harm, a movant must show "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney*, 443 F.3d at 552.  Plaintiff states that he seeks an immediate transfer because he has been denied medical care and because he fears retaliation.  However, as Plaintiff offered no evidence to support his motion, the Court finds that Plaintiff has not demonstrated actual and imminent irreparable harm to justify the extraordinary remedy of a preliminary injunction.

      The third and fourth elements also weigh against granting preliminary relief.  It is generally in the best interests of all if courts refrain from becoming involved in day-to-day

prison operations.  Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest.  *Lang v. Thompson*, No. 5:10-CV-379, 2010 U.S. Dist. LEXIS 126890, at *19 (E. D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for immediate transfer (DN 6) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010