# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:12CV-P169-R

ANTOINE ROACH                                                      PLAINTIFF

v.

STEVE HILAND *et al.*                                             DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on a second motion to compel by *pro se* Plaintiff Antoine Roach (DN 40). Plaintiff states that he seeks "to compel the defendants to produce all requested Admissions – As due and just cause for motion and request." He sets forth two requests for admissions which he apparently propounded. The first states, "That each of the following documents, exhibits with this request, is true that Antoine Roach received proper medical care and attention, and also denied treatment for pre-existing injuries on these dates-1/11/12, 1/17/12, 1/19/12, 4/11/12, 4/13/12, 4/18/12, 4/25/12, 5/9/12." Defendants Steve Hiland and Chanin Hiland filed a response (DN 45) to the motion to compel in which they provide their responses to each of the requests for admissions. In regards to the first request, Defendants respond as follows:

> Defendants have provided Plaintiff with his entire medical file, thus he can obtain information regarding treatment on specific dates as readily as the Defendants can. Therefore, Defendants object to this Request for Admission as being unduly burdensome. However, without waiving that objection, the Defendants admit that they provided Plaintiff proper medical care and attention at all times and did not deny him treatment.

Plaintiff's motion to compel sets forth the second request for admission as follows:

> That each of the following reasons are true: That defendant Chanin Hiland had to leave KSP due to her negligence on the job. That Defendant Steve Hiland along with the psychiatrist got fired and escorted off the premises on 3/3/14 for negligence in the deaths of two inmates a few months apart because the psych

doctors refused to aknowledge an inmates concerns and problems, and Steve Hiland failing to use necessary care and skill as a licensed physician to treat an inmate that was starving himself to death!

In response to the second request for admission, Defendants state:

Defendants object to Plaintiff's second Request for Admission as it calls for legal conclusions regarding negligence/medical malpractice, and because it seeks information not relevant to this law suit. Without waiving those objections, the Defendants Steve and Chanin Hiland admit that they no longer work for the Kentucky Department of Corrections, but deny that they were negligent or committed malpractice at any time.

Plaintiff filed a reply (DN 47), in which he states that he "move[s] to respectfully bring forth facts relevant to this case in which the defendants continue to give false statements, not accepting responsibility for their actions involving the deaths of several inmates over the past seven years. And their negligence on the job as licensed professionals!" He states that "DN 40 does not allege that the Defendants failed to answer Plaintiffs Request for Admissions. DN 40 proves that the Defendants have not answered, and continue to give false statements about giving the Plaintiff any type of treatment for his medical needs!" In regards to Defendants' statement that they provided him with his medical file, Plaintiff states, "Defendants have not provided me anything! I had to pay $41.30 for my medical records and I have the proof!" He further states that he did not receive proper medical care.

Upon review of the briefing, the Court concludes that Plaintiff misunderstands the purpose of requests for admissions. Federal Rule of Civil Procedure 36 provides:

A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
(A) facts, the application of law to fact, or opinions about either; and
(B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). Plaintiff states no grounds for his motion to compel in the motion itself. In his reply in support of his motion to compel, he states, "DN 40 does not allege that the

2

Defendants failed to answer Plaintiffs Request for Admissions. DN 40 proves that the Defendants have not answered, and continue to give false statements about giving the Plaintiff any type of treatment for his medical needs!" It appears that Plaintiff does not dispute the adequacy of Defendants' responses to the requests for admission but wants Defendants to admit to liability in this case. The purpose of requests for admissions is to determine if there are any facts not in dispute. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997) ("Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact."). Requests for admissions are not a tool to get a party to admit to liability. A plaintiff may establish a defendant's liability through a dispositive motion or at trial.

Furthermore, while Plaintiff may disagree with Defendants' responses, Plaintiff's disagreement with the responses is not a foundation for granting a motion to compel. *See Grant v. Target Corp.*, No. 2:10-cv-823, 2013 U.S. Dist. LEXIS 136652, at * 3 (S.D. Ohio Sept. 24, 2013) ("[A] motion to compel is not the correct way for [plaintiff] to argue about the factual accuracy of [the defendant's] responses."); *Stukes v. Chertoff*, No. 3:06 CV 316, 2008 WL 178468, at * 1 (W.D. N.C. Jan. 18, 2008) ("Plaintiff's disagreement with the substance of Defendant's responses does not constitute a factual basis for a meritorious Motion to Compel as a matter of law.").

Finally, with regard to Plaintiff's statement concerning his medical records, the Court understands that Plaintiff has received his medical records but complains that he had to pay for them. A dispute over payment of the costs for producing documents is also not the proper basis for a motion to compel.

For these reasons, **IT IS ORDERED** that Plaintiff's motion to compel (DN 40) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4413.010