UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-P-169-R

ANTOINE ROACH,                                                                              Plaintiff

v.

STEVE HILAND, *et al*,                                                                    Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on three pending motions.  First, Plaintiff Antoine Roach

has filed a second Motion for Summary Judgment.  (Docket No. 38).  Defendants Chanin Hiland

and Steve Hiland have responded (Docket No. 42).  The court interprets Plaintiff's Pretrial

Memorandum (Docket No. 43) as his reply.  Second, Plaintiff Antoine Roach filed a Motion to

Strike.  (Docket No. 39).  Defendants Chanin Hiland and Steve Hiland have responded (Docket

No. 49), and the deadline for Plaintiff to reply has passed.  Third, Defendants filed a Motion for

New Deadline for Dispositive Motions (Docket No. 50).  Plaintiff has responded, (Docket No.

52), and the deadline for Defendants to reply has passed.  These matters are now ripe for

adjudication.  For the following reasons, the Court will DENY Plaintiff Antoine Roach's Motion

for Summary Judgment, DENY Plaintiff Antoine Roach's Motion to Strike, and GRANT

Defendants' Motion for New Deadline for Dispositive Motions.

## BACKGROUND

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP).  He sues Steve Hiland,

whom he identifies as a physician at KSP, and Chanin Hiland, whom he identifies as an APRN at

KSP.  Previously, this court dismissed several of his claims, but allowed claims alleging denial

of medical care to go forward against Defendants in their individual capacities for monetary

damages and injunctive relief, and in their official capacities for injunctive relief only.

In his Motion, Plaintiff requests summary judgment "praised upon the unclean hands doctrine." (Docket No. 38). He responds to each of the Defendant's answers to his interrogatories, claiming that the Defendant "has committed perjury in his proceedings . . . ." *Id..* Additionally, Plaintiff includes a list of case law and alleges deliberate indifference and malpractice under state law. Finally, he attaches a copy of his prison medical records.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**MOTION FOR SUMMARY JUDGMENT**

Plaintiff has failed to satisfy the standard for summary judgment, and his Motion must be denied. Plaintiff's motion does provide the court with responses to Defendant's interrogatory answers, as well as his medical records and a list of case names. However, at this stage, the court must draw all reasonable inferences against the Plaintiff and in favor of the Defendants. Under this standard, Plaintiff has failed to show that "there is no genuine dispute as to any material fact" as required for a summary judgment motion.

**OTHER MOTIONS**

In support of their Motion for New Deadline, Defendants state that they are no longer employed by the Kentucky Department of Corrections ("DOC") and that they "need time to determine if they want to hire counsel, rather than be represented by counsel employed by DOC" before filing a motion for summary judgment. (Docket No. 50). Additionally, Defendants claim to not have "convenient access to Plaintiff's medical records." *Id.* In his response, Plaintiff refers to this Motion as an "obvious stall tactic" and notes that Defendants have had "plenty of time to review my medical files." (Docket No. 52). The Court will GRANT the Defendant's Motion for New Deadline for Dispositive Motions. Accordingly, Plaintiff's Motion to Strike is DENIED. The Court notes that the Motion for New Deadline for Dispositive Motions was filed on 7/10/2014 and asked for a sixty day extension. Sixty days have passed and no motions have been filed. The medical records are available to counsel.

**CONCLUSION**

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that:

1) Plaintiff's Partial Motion for Summary Judgment, (Docket No. 38s), is **DENIED**.

2) Defendants' Motion for New Deadline for Dispositive Motions, (Docket No. 50), is **GRANTED**; Defendants are given up to and including October 31, 2014 to file dispositive motions. This is Defendants' last extension.

3) Plaintiff's Motion to Strike, (Docket No. 39), is **DENIED.**